THE STATE EX REL. WHITE, APPELLANT, *v.*
BECHTEL, CASHIER, ET AL., APPELLEES.

[Cite as *State ex rel. White v. Bechtel,*
99 Ohio St.3d 11, 2003-Ohio-2262.]

(No. 2002–2218—Submitted April 15, 2003—Decided May 7, 2003.)

**Per Curiam.**

{¶ 1}   In October 2002, appellant, Michael Turner White, an inmate at the Lima Correctional Institution, filed a petition in the Court of Appeals for Allen County for a writ of mandamus.  White had previously filed a request for a writ of replevin in the Lima Municipal Court, seeking the return of money withdrawn from his prison account.  In his petition for a writ of mandamus, White alleged that he did not receive notice of the dismissal of the replevin action until the time had passed for filing a timely appeal.  White appears to be claiming that he now has no plain and adequate remedy to recover money wrongfully removed from his prison account.

{¶ 2}   The court of appeals[1] dismissed White's mandamus action for failure to comply with the provisions set forth in R.C. 2969.25(A) and (C) relating to previously filed lawsuits.  The court of appeals deemed White's petition insufficient because his R.C. 2969.25(A) affidavit did not include a statement as to whether White's previous actions or appeals were dismissed as frivolous or malicious and whether any awards were made against White for frivolous or malicious conduct.  See R.C. 2969.25(A)(4).  The court of appeals also found that White's statement of his prison account was not certified by the prison cashier as required by R.C. 2969.25(C)(1).

{¶ 3}   In his appeal as of right, White does not contend that the court of appeals erred in determining that he failed to comply with the requirements of R.C. 2969.25(A) and (C).  Instead, he claims that R.C. 2969.25 is being retroactively applied to him in violation of Section 28, Article II, Ohio Constitution.

_____

1.  A panel from the Sixth District Court of Appeals was assigned to preside in the Third District Court of Appeals to hear White's case.

White argues that R.C. 2969.25 cannot apply to him because he was sentenced before the statute was enacted.

{¶ 4} White's claim is meritless. R.C. 2969.25 was not retroactively applied to White's mandamus complaint. R.C. 2969.25 was enacted in 1996, Sub.H.B. No. 455, 146 Ohio Laws, Part III, 5109, 5128, and White filed his mandamus action in October 2002, well after the effective date of R.C. 2969.25. In addition, R.C. 2969.25 applies to civil actions, and, contrary to White's assertions, his conviction and prison sentence have no relevance to the statute.

{¶ 5} The court of appeals did not err in dismissing White's complaint. The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal. *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242. See, also, *State ex rel. Jefferson v. Ohio Adult Parole Auth.* (1999), 86 Ohio St.3d 304, 714 N.E.2d 926.

{¶ 6} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Michael Turner White, pro se.

Jim Petro, Attorney General, and Scott M. Campbell, Assistant Attorney General, for appellee Jackie Bechtel.

David E. Bowers, Allen County Prosecuting Attorney, and William G. Kendall, Assistant Prosecuting Attorney, for appellees Anne E. Geiger, Julie Hites, Judge Stephen R. Shaw, Judge Thomas F. Bryant, and Judge Sumner E. Walters.