OPINION
{¶ 1} Plaintiff-appellant, Kenneth J. Wilson ("Wilson"), appeals from the judgment of the Court of Common Pleas of Crawford County dismissing his complaint against Charles T. Hardy, et al. ("Hardy").
 {¶ 2} On October 22, 2001, Wilson filed a complaint alleging that Hardy, his public defender, failed to object to the prison's policy denying Wilson access to the law library and relevant case law. Wilson requested that he be granted damages from Hardy and the State for this denial of access. On November 21, 2001, Hardy filed a motion to dismiss the complaint based upon lack of jurisdiction. Wilson filed an amended complaint on December 14, 2001, which claimed that jurisdiction existed under R.C. 2305.01. On February 15, 2002, the trial court dismissed the complaint for lack of jurisdiction. The trial court held that the complaint was required to be brought in the Ohio Court of Claims. Wilson appealed the judgment. On August 28, 2002, this court reversed the judgment of the trial court because the trial court failed to consider the amended complaint.
 {¶ 3} On November 14, 2002, Wilson filed his second amended complaint. The trial court sua sponte dismissed the complaint on November 27, 2002, for failure to comply with R.C. 2969.25(C). Wilson had failed to file an affidavit setting forth any previous civil actions and appeals. On December 9, 2002, Wilson filed his notice of appeal. Wilson also filed a motion to have the trial court modify its judgment entry and designate whether the dismissal is with or without prejudice. The amended notice of appeal was filed on October 22, 2003. Wilson appeals the trial court's dismissal of his complaint and raises the following assignments of error.
The trial court committed reversible error when it dismissedthe instant lawsuit without giving [Wilson's] attorney time tofile the necessary affidavits pursuant to [R.C. 2969.25(A)(C)].
 [R.C. 2969.25(A)] is unconstitutional under and pursuant tothe [First Amendment] because it unnecessarily burdens theconstitutionally protected right of access to the courts; servesabsolutely no state interests; "chills" the [First Amendment]right of access to the Courts; inflicts punishment upon indigentsliketh (sic) [Wilson].
 [R.C. 2969.25(A)] is in conflict with the Ohio Department ofRehabilitation and Corrections Written Policy [which] prohibitsany prisoner from possessing NON-ACTIVE CASES in own celland/or possession.
 Trial court abused its discretion by NOT dismissing said case WITHOUT PREJUDICE to refilling at a later date.
 {¶ 4} In the second and third assignments of error, Wilson claims that R.C. 2969.25(A) is unconstitutional. This statute states as follows.
(A) At the time that an inmate commences a civil action orappeal against a government entity or employee, the inmate shallfile with the court an affidavit that contains a description ofeach civil action or appeal of a civil action that the inmate hasfiled in the previous five years in any state or federal court.The affidavit shall include all of the following for each of thecivil actions or appeals:
 (1) A brief description of the nature of the civil action orappeal;
 (2) The case name, case number, and the court in which thecivil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, includingwhether the court dismissed the civil action or appeal asfrivolous or malicious under state or federal law or rule ofcourt, whether the court made an award against the inmate or theinmate's counsel of record for frivolous conduct under [R.C.2323.51], another statute, or a rule of court, and, if the courtso dismissed the action or appeal or made an award of thatnature, the date of the final order affirming the dismissal oraward.
 {¶ 5} In the second assignment of error Wilson claims that R.C. 2969.25(A) is unconstitutional. Wilson's sole argument is that the statute prevents his access to the trial court. The only support of his argument that Wilson offers is his personal statement that he has been denied access to the trial court because he has to file this affidavit. However, the statute does not prevent Wilson access to the trial courts. The statute merely sets forth an additional filing requirement for inmates of state institutions. Wilson is still able to file any civil suit in the courts that he wishes as long as he complies with the filing requirements. Thus, the second assignment of error is overruled.
 {¶ 6} The third assignment of error argues that the statute conflicts with the Department of Rehabilitation and Corrections' policy that prohibits inmates from possessing non-active cases. However, the inmate need not actually possess the cases in order to get the information. The inmate can obtain the required information by writing to the clerk of court in the jurisdiction in which the cases were filed and having the clerk mail the inmate the required information. In addition, Wilson has not provided this court with a copy of the rule in question. Thus, we have no basis for determining whether an actual conflict exists. The third assignment of error is overruled.
 {¶ 7} In the first assignment of error, Wilson argues that the trial court erred by dismissing his case without granting his attorney additional time to file the affidavit. The statute requires that the affidavit be filed with the complaint. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." State exrel. White v. Bechtel, 99 Ohio St.3d 11, 12, 2003-Ohio-2262 at ¶3, 788 N.E.2d 634. In this case, Wilson filed his complaint, without the assistance of his court appointed attorney, but did not file the required affidavit. This is a justifiable basis for dismissal of a complaint. The first assignment of error is overruled.
 {¶ 8} Finally, Wilson claims that the trial court erred by not dismissing the case without prejudice. This court notes that the matter was not dismissed on the merits, but on a procedural matter. Thus, the fourth assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.