[THE STATE EX REL.] HAWK, APPELLANT, *v.* ATHENS COUNTY, APPELLEE.

[Cite as *State ex rel. Hawk v. Athens Cty.*,
106 Ohio St.3d 183, 2005-Ohio-4383.]

(No. 2005–0524—Submitted July 26, 2005—Decided September 7, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an inmate's petition for a writ of mandamus.

{¶ 2} In January 2001, appellant, Gary W. Hawk, was convicted of two counts of rape and sentenced to prison.

{¶ 3} In January 2005, Hawk filed a petition for a writ of mandamus to compel appellee, Athens County, to vacate his sentence. Hawk claimed that his sentence violated the constitutional prohibition against double jeopardy. Hawk's petition did not include an affidavit containing a description of each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A). Also, although Hawk claimed to be indigent, he did not include in his affidavit the statements required by R.C. 2969.25(C)(1), setting forth the balance in his inmate account for each of the preceding six months, as certified by his prison cashier, and the value of all other items of value owned by the inmate.

{¶ 4} On March 2, 2005, the court of appeals dismissed the petition for failure to comply with R.C. 2969.25.

{¶ 5} We affirm the judgment of the court of appeals. " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Norris v. Giavasis*, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶ 4, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 6} Moreover, Hawk's double-jeopardy claim is not cognizable in mandamus. *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561; *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Gary Hawk, pro se.