THE STATE EX REL. MCGRATH, APPELLANT, *v.* MCDONNELL, JUDGE, APPELLEE.

[Cite as *State ex rel. McGrath v. McDonnell*,

126 Ohio St.3d 511, 2010-Ohio-4726.]

*Writ of mandamus — R.C. 2969.25 — Failure to attach required affidavits to petition requires dismissal of complaint — Judgment affirmed.*

(No. 2010-1131 — Submitted September 28, 2010 — Decided October 6, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 94819, 2010-Ohio-2610.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Joseph McGrath, for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Nancy R. McDonnell, to vacate his sentence in *State v. McGrath*, Cuyahoga Cty. C.P. case No. CR-04-449129-ZA. Appellant failed to attach the required affidavits to his petition pursuant to R.C. 2969.25. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 5.

{¶ 2} McGrath failed to file an affidavit containing a description of each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court, in violation of R.C. 2969.25(A). Furthermore, he failed to include in his affidavit of indigency a statement setting forth the balance

in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C).

**{¶ 3}** Notwithstanding McGrath's claims to the contrary, R.C. 2969.25 applies to his mandamus complaint because he is an inmate,[1] and his mandamus case is a civil case for purposes of R.C. 2969.21(B)(1)(a), which addresses inmate actions against government entities. See *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7 ("under Ohio law, state writ actions are civil actions"); *Hawk*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 3 (applying R.C. 2969.25 to mandamus case instituted in court of appeals). McGrath has also failed to establish how the requirements of R.C. 2969.25(A) and (C) violate his constitutional privilege against self-incrimination. These requirements do not compel McGrath to answer questions that "might incriminate [him] in future criminal proceedings." *State ex rel. Verhovec v. Mascio* (1998), 81 Ohio St.3d 334, 336, 691 N.E.2d 282. Therefore, dismissal of McGrath's mandamus claim was appropriate.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Joseph McGrath, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____

---

1. Although McGrath listed a Gates Mills residential address when he filed his complaint in the court of appeals, he was actually incarcerated at Lake Erie Correctional Institution on that date and remains there. See http://www.drc.ohio.gov/OffenderSearch/Search.aspx. In fact, McGrath lists the prison's address on his appellate brief.