[Cite as *State ex rel. Frazier v. Schneidner*, 2014-Ohio-3209.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel.                              :
Kesha Frazier,
                                                   :
            Relator,
                                                   :
v.                                                              No. 14AP-99
                                                   :
Judge Charles A. Schneider of the                          (REGULAR CALENDAR)
Franklin County Court of Common Pleas,  :

            Respondent.                             :

_____

D E C I S I O N

Rendered on July 22, 2014

_____

*Kesha Frazier,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers*,
for respondent.

_____

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1}   Relator, Kesha Frazier, an inmate of the Northeast Pre-Release Center has
filed this original action requesting that this court issue a writ of mandamus against
respondent, the Honorable Charles A. Schneider, a judge of the Franklin County Court of
Common Pleas. Respondent has filed a motion to dismiss.

{¶ 2}   This matter was referred to a magistrate of this court pursuant to Civ.R.
53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the
appended decision, including findings of fact and conclusions of law, and recommended
that this court dismiss relator's request for a writ of mandamus. Relator has filed
objections to that decision.

{¶ 3} The magistrate concluded that relator's mandamus action should be dismissed based upon her failure to file a statement with her affidavit of indigency that sets forth the balance in her inmate account for each of the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 4} R.C. 2969.22 requires state inmates to pay in advance the full filing fees in civil actions and appeals commenced in state court (other than the Court of Claims of Ohio). In order to obtain a waiver of the requirement to prepay filing fees, the inmate must comply with R.C. 2969.25(C) and file a fee waiver request affidavit, an inmate account statement that is certified by the institutional cashier, and an asset disclosure statement. The requirements of R.C. 2969.25(C) are mandatory and failure to comply requires dismissal of the petition. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997). Furthermore, the documents must be part of the initial filing of the petition and cannot later be added or amended to the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶ 1 (subsequent filing of the statement does not cure the defect). For these reasons, we find relator's petition for a writ of mandamus does not meet the requirements of R.C. 2969.25(C), and we overrule her objections.

{¶ 5} After an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and adopt the magistrate's findings of fact and conclusions of law. Respondent's motion to dismiss is granted, and relator's request for a writ of mandamus is dismissed.

*Respondent's motion to dismiss granted; objections overruled;*
*action dismissed.*

KLATT and DORRIAN, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Kesha Frazier,          :

      Relator,                                  :

v.                                            :                    No.  14AP-99

Judge Charles A. Schneider of the             :          (REGULAR CALENDAR)
Franklin County Court of Common Pleas,
                                 :

      Respondent.                              :

                                 :

---

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on April 18, 2014**

---

*Kesha Frazier,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers*, for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}   Relator, Kesha Frazier, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, the Honorable Judge Charles A. Schneider, to issue findings of fact and conclusions of law on the issues which relator raised in her petition for post conviction relief.

Findings of Fact:

{¶ 7}   1. Relator is an inmate currently incarcerated at Northeast Reintegration Center in Cleveland, Ohio.

{¶ 8}   2. On February 7, 2014, relator filed this original action indicating that, on March 13, 2013, respondent entered a decision and entry which denied relator's petition to vacate or set aside judgment of conviction and sentence without issuing findings of fact and conclusions of law on each and every claim.

{¶ 9}   3. At the time she filed this action, relator did not pay the filing fee and, although she asserts that she is indigent, relator did not file a statement of the amount in her inmate account for the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).

{¶ 10} 4. On March 4, 2014, respondent filed a motion to dismiss due to relator's failure to comply with the mandatory requirements of R.C. 2969.25(C).

{¶ 11} 5. Relator has not filed a memorandum opposing respondent's motion to dismiss that is currently before the magistrate.

Conclusions of Law:

{¶ 12} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss this action.

{¶ 13} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of this action. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing this mandamus action, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 14} In order for a court to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to

relief.  *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995).  For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 15} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 16} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 17} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 18} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Ohio Supreme Court affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C).  Specifically, the court stated:

> * * * Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint--August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex*

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the $10) is forwarded to the clerk each month until the fees are paid.

> *rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio
> St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of
> appeals to afford Pamer the opportunity to pay the requisite
> filing fee before dismissing the case when Pamer expressly
> requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish
> his indigency, the court of appeals did not abuse its discretion
> in ordering him to pay the costs of the proceeding. See *State
> ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750
> N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 19} Likewise, in *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court of Ohio affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C).  In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six month preceding the filing of his complaint; however, the statement was not certified by the prison cashier.

{¶ 20} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure
> to comply with them subjects an inmate's action to dismissal."
> *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-
> 2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with
> R.C. 2969.25(C)(1), which requires an inmate filing a civil
> action against a government employee seeking waiver of
> prepayment of court filing fees to file with the complaint a
> "statement that sets forth the balance in the inmate account of
> the inmate for each of the preceding six months, as certified
> by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in
> failing to grant him leave to amend his complaint to comply
> with R.C. 2969.25(C)(1), he never filed a motion to amend his
> complaint. Instead, he filed a motion for reconsideration,
> which was "a nullity because his mandamus action was filed
> originally in the court of appeals, rendering App.R. 26(A)

> inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 21} Because relator has failed to comply with the mandatory filing requirements of R.C. 2969.25(C), it is this magistrate's decision that this court should dismiss this action. Further, pursuant to the above authority, inasmuch as relator did not prevail and did not establish her indigency, this court should order her to pay the costs of the proceedings.

> */S/ MAGISTRATE*
> STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).