NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4035.

CHAPPELL, APPELLANT, *v.* MORGAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *Chappell v. Morgan,* Slip Opinion No. 2014-Ohio-4035.]

*Habeas corpus—Failure to attach affidavit required by R.C. 2969.25(C)—*
*Speedy-trial issues not cognizable in habeas corpus—Dismissal of petition*
*affirmed.*

(No. 2014-0511—Submitted September 10, 2014—Decided September 24, 2014.)

APPEAL from the Court of Appeals for Scioto County, No. 14CA3607.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals granting the motion to dismiss of appellee, Donald Morgan, warden of the Southern Ohio Correctional Institution, and dismissing the petition of appellant, Ronald Chappell, for a writ of habeas corpus.  On October 19, 2012, Chappell was convicted of four counts of harassment and one of vandalism and was sentenced by the Mahoning County Court of Common Pleas to a total of five years of incarceration.

**{¶ 2}** Chappell alleged in this habeas petition to the Scioto County Court of Appeals that he had been denied his speedy-trial rights, and therefore the trial court was without authority to try and convict him. The court of appeals dismissed his petition before appellee responded, on the basis that Chappell failed to attach a statement to his affidavit of indigency that set forth the balance in his inmate account. The requirement for such an attachment is set forth in R.C. 2969.25(C), and failure to comply subjects an inmate's action to dismissal in the court of appeals. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, citing *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1.

**{¶ 3}** Moreover, Chappell asserts a speedy-trial issue, which is not cognizable in habeas corpus. *State ex rel. Hart v. Turner,* 132 Ohio St.3d 479, 2012-Ohio-3305, 974 N.E.2d 87, ¶ 1, citing *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 7 ("[petitioner's] speedy-trial claim is not cognizable in habeas corpus, and he had an adequate remedy by appeal from his sentencing entry to raise his claim"). Indeed, Chappell admitted in his petition that appeal was an available remedy. We therefore affirm.

**{¶ 4}** Chappell's motion for oral argument is dismissed as moot.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Ronald Chappell, pro se.

Michael DeWine, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.

_____