**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davenport v. State,* Slip Opinion No. 2016-Ohio-3430.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3430

THE STATE EX REL. DAVENPORT, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davenport v. State,* Slip Opinion No. 2016-Ohio-3430.]

*Mandamus—R.C. 2969.25(C)—Failure to document balance of inmate account for six months preceding filing of complaint—Court of appeals' dismissal of complaint affirmed.*

(No. 2015-1578—Submitted March 8, 2016—Decided June 16, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-1043.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, Carlos Davenport, is an inmate who filed a petition for a writ of mandamus in the Tenth District Court of Appeals alleging numerous constitutional violations with regard to his conviction and asking for the appointment of a special prosecutor to investigate the propriety of the criminal

proceedings brought against him.  He filed an affidavit of indigency in the court of appeals that requested a waiver of fees and costs.  However, he failed to provide a statement of the amount in his inmate account for each of the preceding six months, as required by R.C. 2969.25(C)(1), and he also failed to comply with other requirements of R.C. 2969.25.

{¶ 2} The court of appeals' magistrate recommended that the court dismiss the case for Davenport's failure to satisfy the requirements of R.C. 2969.25. Davenport filed objections, but the court of appeals accepted and adopted the magistrate's decision and recommendation and dismissed the case.  Davenport appealed.

{¶ 3} The court of appeals was correct to dismiss the case on the basis recommended by the magistrate.  " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1.  We therefore affirm the judgment of the court of appeals.

{¶ 4} Davenport also filed a motion under S.Ct.Prac.R. 16.07(B) for default judgment.  He argues that because the state failed to file a brief, he is entitled to judgment in his favor.  However, that rule states:

> If the appellee fails to file a merit brief within the time provided by S.Ct.Prac.R. 16.03 or as extended in accordance with S.Ct.Prac.R. 3.03, the Supreme Court may accept the appellant's statement of facts and issues as correct and reverse the judgment *if the appellant's brief reasonably appears to sustain reversal*.

(Emphasis added.) Here, Davenport's brief does not reasonably appear to sustain reversal. Therefore, we deny the motion for default judgment.

{¶ 5} Finally, Davenport filed a motion for oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). None of the factors we normally consider in granting a motion for oral argument exists in this case. *See State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein. We deny the motion for oral argument.

Judgment affirmed

and motion denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Carlos Davenport, pro se.

_____