[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davenport v. State,* Slip Opinion No. 2016-Ohio-3414.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3414

THE STATE EX REL. DAVENPORT, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davenport v. State,* Slip Opinion No. 2016-Ohio-3414.]

*Mandamus—R.C. 2969.25(C)—Failure to document balance of inmate account for six months preceding filing of complaint—Court of appeals' dismissal of complaint affirmed.*

(No. 2015-1268—Submitted March 8, 2016—Decided June 16, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-1041.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, Carlos Davenport, is an inmate who filed a petition for a writ of mandamus in the Tenth District Court of Appeals requesting that court to order the trial court in his underlying criminal case to rule on motions that were allegedly pending. He filed an affidavit of indigency in the court of appeals that

requested a waiver of fees and costs. However, he failed to provide a statement of the amount in his inmate account for each of the preceding six months, as required by R.C. 2969.25(C)(1).

{¶ 2} The court of appeals' magistrate recommended that the court grant the state's motion to dismiss the case for Davenport's failure to satisfy the requirements of R.C. 2969.25. No objections were filed, and the court of appeals accepted and adopted the magistrate's decision and recommendation as to that issue and dismissed the case. Davenport appealed.

{¶ 3} The court of appeals was correct to dismiss the case on the basis recommended by the magistrate. " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1. We therefore affirm the judgment of the court of appeals.

{¶ 4} Finally, we deny Davenport's motion for oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). None of the factors we normally consider in granting a motion for oral argument exists in this case. *See State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein.

Judgment affirmed
and motion denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Carlos Davenport, pro se.

2

Ron O'Brien, Franklin County Prosecuting Attorney, and Jeffrey C. Rogers, Assistant Prosecuting Attorney, for appellee.

_____