[Cite as *State ex rel. Kimble v. Bur. of Sentence Computation*, 2016-Ohio-7409.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Moses Kimble

      Relator

v.

Bureau of Sentence Computation
Office, Ohio Department of
Rehabilitation & Correction

      Respondent

Court of Appeals No. L-16-1208

**DECISION AND JUDGMENT**

Decided: October 20, 2016

* * * * *

Moses Kimble, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} On September 20, 2016, relator Moses Kimble, acting pro so, filed an original action in this court requesting that we issue a writ of mandamus, compelling the Ohio Department of Rehabilitation and Correction to recalculate his criminal sentence. Relator alleges that his criminal sentence "expires" in June of 2017, not January 2018.

{¶ 2} In support of the petition, relator attached two items.  The first is the trial court's January 11, 2016 judgment entry.  It indicates that relator was originally sentenced, on September 23, 2014, to three years in prison after being found guilty of robbery, in violation of R.C. 2911.02(A)(3) and (B).

{¶ 3} In its January judgment entry, the lower court found that relator had violated the terms of his community control and then ordered him to "serve the balance of the three year prison sentence imposed on September 23, 2014."

{¶ 4} The second item attached to the petition is from The Department of Rehabilitation and Correction.  It indicates, in part, that relator's "STATED TERM EXP DATE" is January 25, 2018 and that his "80% RELEASE ELIBILITY DATE" is June 30, 2017.

{¶ 5} With the petition, relator separately filed two items.  The first is an "Affidavit of Indigent", in which he requests that he be excused from having to pay "for any legal services, fees or cost" in this matter because he has "no means of financial support and no assets of real value."  The second is a "Relator's Affidavit as to Prior Actions Review of Multiple Actions; Waiver of Prepayment R.C. 2969.25."

{¶ 6} Pursuant to R.C. 2969.25, we find that relator's petition must be dismissed.  The statute applies to civil actions filed by inmates against governmental entities or employees.

{¶ 7} R.C. 2969.25(C) provides that, if an inmate seeks a waiver of the requirement that he pay any filing fees required by rule, then he "shall file with the

2.

complaint * * * an affidavit that the inmate is seeking a waiver * * *." The affidavit "shall contain all of the following:"

> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier; * * *

{¶ 8} Here, while relator filed an affidavit of indigency and an affidavit seeking a waiver of fees, he failed to include either the balance in his inmate account or the cashier's certification thereof. Relator acknowledged both requirements. Indeed, he stated,

{¶ 9} Pursuant to Revised Code, Section 2969.25(C)(1)(2), a statement that sets forth the balance in the Relator's prison account for the previous six months, as certified by the Chillicothe Correctional Institutional cashier office is attached.

{¶ 10} However, no certified statement from the cashier was attached, nor did relator provide the balance in his prisoner account.

{¶ 11} Pro se litigants are held to the same standard as those who are represented by counsel. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1 (Affirming dismissal of pro se litigant's complaint for writs of mandamus and procedendo for failure to comply with local rule).

{¶ 12} We find that relator's petition must be dismissed for his failure to comply with R.C. 2969.25(C)(1). *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511,

3.

2010-Ohio-4726, 935 N.E.2d 830. In *McGrath,* the Ohio Supreme Court affirmed the court of appeal's dismissal of an inmate's complaint in mandamus, in part, for the inmate's failure to file the required affidavit setting forth the balance of his inmate account, as certified by the prison cashier. *See also State ex rel. Castro v. Corrigan*, 129 Ohio St.3d 342, 2011-Ohio-4059, 952 N.E.2d 497, ¶ 2 (Inmate's "Affidavit of Indigency" that fails to include a certified statement of his inmate account warrants dismissal of mandamus complaint.).

{¶ **13**} Based upon relator's failure to comply with R.C. 2969.25(C)(1), we dismiss, sua sponte, the petition for writ of mandamus. Relator to pay costs.