[Cite as *Jackson v. May*, 2019-Ohio-3896.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| MAURICE JACKSON | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Petitioner | : | | Hon. John W. Wise, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| HAROLD MAY | : | | Case No. 19CA49 |
| | : | | |
| Respondent | : | | O P I N I O N |


CHARACTER OF PROCEEDING:              Writ of Habeas Corpus


JUDGMENT:                             Dismissed


DATE OF JUDGMENT:                     September 25, 2019


APPEARANCES:

For Petitioner                        For Respondent

MAURICE JACKSON                       DAVE YOST
Inmate #396-218                       Ohio Attorney General
Richland Correctional Institution     JERRI L. FOSNAUGHT
P.O. Box 8107                         Assistant Attorney General
Mansfield, OH  44901                  150 East Gay Street, 16th Floor
                                      Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   On June 3, 2019, Maurice Jackson filed a petition for writ of habeas corpus contending his prison sentence terminated on April 12, 2017, and he is therefore being wrongfully held under an expired prison term. Along with the filing of his petition, Mr. Jackson requested waiver of prepayment of the full filing fees. However, in doing so, Mr. Jackson failed to comply with the mandates of R.C. 2969.25(C), which requires an inmate who seeks waiver of prepayment of the court's filing fees to include in his or her affidavit of indigency a statement setting forth the balance in their inmate account for each of the preceding six months, as certified by the institutional cashier. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶1.

{¶ 2}   Mr. Jackson subsequently filed a "Motion to Supplement the Record on Appeal," seeking to supplement his writ with the required documentation. In *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2858, 951 N.E.2d 389, the Ohio Supreme Court explained that delayed statements setting forth the account balance for a six-month period are not permitted by R.C. 2969.25(C). The Court affirmed the court of appeals' dismissal of petitioner's writ of habeas corpus on this basis. *Id.* at ¶1.

{¶ 3}   Under *Boles*, we deny Mr. Jackson's request to supplement the record. Further, because Mr. Jackson failed to comply with the mandatory requirements of R.C. 2969.25(C) his writ of habeas corpus is dismissed.

{¶ 4} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

By Earle E. Wise, Jr., J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/ac