[Cite as *In re Collado*, 2020-Ohio-5337.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE:  ANTHONY J. COLLADO,　　　:

　　　Relator.　　　　　　　:

　　　　　　　　　　　　　No. 110048

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  COMPLAINT DISMISSED
**DATED:**  November 18, 2020

Writ of Mandamus
Order No. 542100

***Appearances:***

Anthony J. Collado, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1}　Relator, Anthony J. Collado, seeks a writ of mandamus directing respondent, the Cuyahoga County Clerk of Courts to accept for filing a document Collado refers to as a notice of appeal.  Collado's complaint is procedurally defective for a number of reasons.  Therefore, it is sua sponte dismissed.

## I. Procedural History

{¶ 2}　On October 22, 2020, Collado filed a complaint for writ of mandamus.  There, he alleged that he had attempted to file a document he identified

as "his affidavit" with respondent's office.  Collado indicates that this document was not accepted for filing.  He again attempted to file the document, but again, it was refused.  Collado did not attach the documents he purported to file to his complaint, but he did attach correspondence he received from respondent's office indicating that his filing was rejected because it lacked a case number and a correct heading indicating what the filing purported to be.  This form was dated September 21, 2020.  Collado also attached a letter sent to respondent dated September 28, 2020.  This letter was not in the form of a court filing and did not correct the items identified as lacking by respondent.  The letter, it appears, mistakenly requests respondent to supply him with a separate case number for a motion he filed with the trial court in an underlying criminal case.[1]  He also attached a journal entry to his complaint that contains the case number for his Cuyahoga County Common Pleas Court criminal case — Cuyahoga C.P. No. CR-17-616143-A.  So, even though Collado claims not to have this case number, it appears to be in his possession.  The complaint further asks this court to assist him in filing a notice of appeal.[2]

## II. Law and Analysis

{¶ 3}  "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act

---

[1] A review of the publicly available docket in this case does not indicate a ruling denying Collado's motion has been properly journalized and posted to the docket.

[2] The Ohio Eighth District Court of Appeals maintains several resources on its website at https://appeals.cuyahogacounty.us/, including a self-representation guide, and forms for pro se litigants.

which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Certain procedural requirements must be met, however, in order to obtain relief in mandamus. Where those procedural requirements are not met, sua sponte dismissal may be appropriate. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts entitling relator to the requested extraordinary relief." *State ex rel. Woods v. Oak Hill Community Med. Ctr.*, 91 Ohio St.3d 459, 461, 746 N.E.2d 1108 (2001), citing *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 426, 687 N.E.2d 283 (1997). Sua sponte dismissal is appropriate where a complaint is frivolous or the claimant obviously cannot prevail. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

**{¶ 4}** The complaint in this case is procedurally defective and subject to sua sponte dismissal for the following reasons.

**{¶ 5}** Collado's complaint indicates that he is an incarcerated individual currently serving a prison sentence. When an incarcerated person seeks to initiate a civil action or appeal against a governmental entity or employee, the individual must comply with R.C. 2969.25. This statute requires such a person to file an affidavit describing each civil action or appeal filed within the previous five years. R.C. 2969.25(A). "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518,

50 N.E.3d 553, ¶ 3, citing *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1. Collado's status as a pro se litigant does not excuse him of this obligation. *Id.*, citing *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1. Further, the failure to comply with R.C. 2969.25 cannot be cured at a later date. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. Collado cannot prevail, so sua sponte dismissal is appropriate.

{¶ 6} Collado is also required to comply with R.C. 2969.25(C). This statute provides,

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 7} Collado did not attach affidavits that comply with this statutory provision or pay the filing fee required to file his complaint. As such, he has failed to comply with R.C. 2969.25(C). This, too, requires dismissal of the complaint.

*State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, 150 N.E.3d 905, ¶ 8.

{¶ 8} Further, an action for writ of mandamus shall be brought in the name of the state on behalf of the individual seeking relief. R.C. 2731.04. The failure to do so is grounds for dismissal. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962); *Everett v. Parma Hts.*, 8th Dist. Cuyahoga No. 99611, 2013-Ohio-5314. While the failure to comply with this statute is not jurisdictional, *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 15, a court may dismiss the complaint for failure to comply with the provisions of R.C. 2731.04. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 10, citing *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 34.

{¶ 9} Finally, Civ.R. 10(A) requires that a complaint caption include the names and addresses of all the parties to the action. Here, Collado did not include the name of the respondent in the case caption or include addresses for any of the parties. The failure to comply with Civ.R. 10(A) warrants dismissal. *Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 8th Dist. Cuyahoga No. 109716, 2020-Ohio-3730, ¶ 6, citing *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 11.

{¶ 10} Sua sponte, the complaint is dismissed. Costs to relator. It is further ordered that the clerk of courts serve notice of this judgment upon all parties as required by Civ.R. 58(B).

**{¶ 11}** Complaint dismissed.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR