**[Cite as *State ex rel. Gilmore v. State*, 2021-Ohio-879.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex. rel. Sean Gilmore          Court of Appeals No. L-21-1039

    Relator

v.

State of Ohio                                **DECISION AND JUDGMENT**

    Respondent                          Decided:  March 18, 2021

* * * * *

Sean Gilmore, pro se.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on a petition for a writ of mandamus, filed by relator, Sean A. Gilmore.  Relator, a pro se, incarcerated inmate, seeks an order from this court requiring the court of common pleas to properly calculate his jail time credit. Along with his petition, relator filed an affidavit of indigency that requested a waiver of fees and costs.

{¶ 2} As a pro se, incarcerated inmate, relator must follow the requirements set forth in R.C. 2969.25. *State ex rel. Davenport v. State*, 146 Ohio St.3d 255, 2016-Ohio-3414, 54 N.E.3d 1248, ¶ 3. R.C. 2969.25 relevantly states:

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

*Id.* "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *Davenport* at ¶ 3 (quotations omitted) (finding that dismissal of mandamus action was proper where relator failed to provide a statement of the amount in his inmate account for each of the preceding six months, as required by R.C. 2969.25(C)(1).)

{¶ 3} Relator's affidavit of indigency states that relator is indigent and that he does not have the funds for the filing of the action.  However, relator did not submit a statement setting forth the balance in his inmate account, nor did he provide a statement setting forth the cash and things of value he owned.  Accordingly, the petition is fatally defective and is hereby dismissed at relator's costs.

{¶ 4} It is so ordered.

{¶ 5} **To the Clerk:  Manner of Service.**

{¶ 6} Serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Writ denied.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.