[Cite as *Coppa v. Doherty*, 2022-Ohio-4059.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

NICHOLAS E. COPPA,

Relator,

- vs -

JUDGE BECKY L. DOHERTY,

Respondent.

CASE NO. 2022-P-0045

Original Action for Writ of Mandamus

**P E R   C U R I A M**
**O P I N I O N**

Decided: November 14, 2022
Judgment: Dismissed

*Nicholas E. Coppa*, pro se, Portage County Justice Center, 8240 Infirmary Road, Ravenna, OH 44266 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}   Pending before this court is relator, Nicholas E. Coppa's, Complaint for Writ of Mandamus filed on August 19, 2022.  Coppa asks this Court to either vacate his sentence or order his resentencing in *State v. Coppa*, Portage C.P. No. 2020CR00566, and require "the judge * * * to justify why consecutive sentences were necessary."

{¶2}   "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has

filed in the previous five years in any state or federal court." R.C. 2969.25(A). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶3} An original action for mandamus filed in the court of appeals is considered a "civil action" for the purposes of R.C. 2969.25(A). *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 3; *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 3.

{¶4} At the time Coppa filed his Complaint, he was an inmate at the Portage County Jail. Coppa did not attach the affidavit required by R.C. 2969.25(A) to his Complaint. Accordingly, Coppa's Complaint is dismissed. *State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779, ¶ 6 ("[w]e [the Ohio Supreme Court] have consistently affirmed the judgments of courts of appeals dismissing inmates' civil suits against the government when the complaints or petitions have not included a complete affidavit of prior actions"); *State ex rel. Parker Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, 187 N.E.3d 526, ¶ 19.

{¶5} Complaint dismissed.


THOMAS R. WRIGHT, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2022-P-0045