[Cite as *State ex rel. Chester v. Lowery*, 2024-Ohio-41.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. ISAAC CHESTER, | CASE NO. 2023-T-0078 |
| Relator, | Original Action for Writ of Mandamus |
| - vs - | |
| FELEPA LOWERY, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: January 8, 2024
Judgment: Petition dismissed

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Camp, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} On September 29, 2023, Relator, Isaac Chester, filed a "Complaint for Writ of Mandamus" in this court. Relator alleged that respondent, Felepa Lowery, as the Trumbull Correctional Institution's Prisons Custodian of Inmate-Grievance Records, had failed to provide legible, verbatim, and complete grievance printouts. Relator sought grievance printouts for grievances: TCI 000 000 000 118; TCI 000 000 000 417; and TCI 000 000 000 562 along with statutory damages for the unnecessary delay in providing the requested public records.

{¶2}   Respondent was successfully served with the complaint on October 12, 2023.

{¶3}   On October 16, 2023, this Court issued an alternative writ instructing respondent to move, plead, or otherwise respond to the petition by November 9, 2023.

{¶4}   On November 6, 2023, relator filed an "Amended Complaint for Writ of Mandamus."

{¶5}   Respondent did not file any responsive pleadings.

{¶6}   On November 27, 2023, relator filed a "Motion for Peremptory Writ" arguing that he was entitled to a peremptory writ of mandamus due to respondent's failure to answer this Court's alternative writ. Again, respondent did not file any responsive pleading.

{¶7}   "Sua sponte dismissal" of an original action "without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, citing *State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶8}   R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶9}   "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. An original action for mandamus

2

filed in the court of appeals is considered a "civil action" for the purposes of R.C. 2969.25(A). *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 3; *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 3.

{¶10} At the time relator filed the present action, he was an inmate at the Trumbull Correctional Camp. Relator did not attach an affidavit to his complaint as required by R.C. 2969.25(A). Accordingly, we must dismiss relator's complaint despite respondent's failure to participate in this case.

{¶11} Accordingly, relator's "Complaint for Writ of Mandamus" is dismissed.


EUGENE A. LUCCI, P.J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.