**STATE OF OHIO CRIME VICTIMS REPARATIONS FUND, Appellee,**

**v.**

**DALTON, Appellant.**

[Cite as *Ohio Crime Victims Reparations Fund v. Dalton,* 152 Ohio App.3d 618, 2003-Ohio-2313.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1048

Decided May 8, 2003.

Jim Petro, Attorney General, and Melanie Cornelius, Assistant Attorney General, for appellee.

Jeffrey Dalton, pro se.

KLATT, Judge.

{¶ 1} Defendant-appellant, Jeffrey Dalton, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, the State of Ohio Crime Victims Reparation Fund ("Fund"). For the following reasons, we affirm.

{¶ 2} On August 3, 2000, appellant was indicted for domestic violence, in violation of R.C. 2919.25(A), a fifth-degree felony, and aggravated arson, in violation of R.C. 2909.02(A)(1), a felony in the first degree. Both charges stemmed from a July 5, 2000 incident during which appellant assaulted his former wife, Kathy Dalton, in the presence of her two children. On February 15, 2001, after appellant pled guilty to the aggravated arson count, the trial court convicted him and sentenced him to seven years' imprisonment.

{¶ 3} On September 27, 2000, appellant was indicted for (1) attempted aggravated murder, in violation of R.C. 2923.02, a felony in the first degree; (2) aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony in the first degree; (3) kidnapping, in violation of R.C. 2905.01(B)(1), a felony in the first degree; and (4) felonious assault, in violation of R.C. 2903.11(A)(2), a felony in the second degree. These charges stemmed from a September 6, 2000 incident, during which appellant attempted to murder Ms. Dalton. After the first count of the indictment was amended to attempted murder, in violation of R.C. 2923.02 as it relates to R.C. 2903.01(A), and the third count was dismissed, appellant pled guilty to all counts in the indictment. On February 15, 2001, appellant was convicted and sentenced to ten years' imprisonment, to run consecutively to the seven-year term referred to above.

{¶ 4} Seeking reparations for costs resulting from appellant's attacks upon her, Ms. Dalton applied for, and received, a total of $5,557.46 from the Fund. Ms. Dalton was compensated for medical expenses for herself and her children, court costs, and loss of wages.

{¶ 5} On April 26, 2002, the Fund, through the Ohio Attorney General, filed suit against appellant seeking reimbursement of the $5,557.46 paid to Ms. Dalton. In his answer, appellant contested only that the total amount paid to Ms. Dalton was $5,557.46.

{¶ 6} Appellee moved for summary judgment, and appellant responded with a "Motion to Dismiss Motion for Summary Judgment." On August 29, 2002, the trial court issued a decision granting appellee's summary judgment motion and denying appellant's "Motion to Dismiss." In its decision, the trial court found that appellee presented evidence establishing that appellant's offenses resulted in a payment of $5,557.46 from the Fund and, as a convicted offender, appellant was responsible for reimbursing the Fund. Because appellant presented no evidence to controvert that he owed $5,557.46 to appellee, the trial court held that summary judgment was appropriate. Appellant then appealed from the September 6, 2002 judgment entry granting judgment for appellee and awarding appellee $5,557.46, plus costs and interest.

{¶ 7} On appeal, appellant assigns the following errors:

{¶ 8} "[1.] Defendants [sic] Motion should have been granted as plaintiff's own complaint and submitted evidence showed genuine issues of material facts did exist. A material fact is a fact which can affect this final outcome.

{¶ 9} "[2.] Summary Judgement [sic] should not have been granted, but case allowed to proceed to trial as this case schedule had already been assigned and trial set for April 30, 2003."

{¶ 10} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 11} By his first assignment of error, appellant argues that the trial court erred in granting summary judgment because an issue of fact remained as to whether Ms. Dalton was entitled to the full $5,557.46. Specifically, appellant asserts that Ms. Dalton was compensated by collateral sources and that she should have lessened the costs she incurred by submitting a claim for one doctor's appointment to an insurer and by applying for further disability payments. Appellant's argument is unavailing.

{¶ 12} According to R.C. 2743.72(A), "[t]he payment of an award of reparations from the reparations fund established by section 2743.191 of the Revised Code creates a right of reimbursement, repayment, and subrogation in favor of the reparations fund from an individual who is convicted of the offense that is the basis of the award of reparations." In order to enforce that right, the Fund, through the Ohio Attorney General, may "institute and pursue legal proceedings against an offender" whose crimes resulted in a payment from the Fund. R.C. 2743.72(M). Thus, pursuant to R.C. 2743.72, the Fund is entitled to a judgment awarding reimbursement if (1) the state establishes that it compensated a claimant with a payment from the Fund and (2) the defendant was convicted of the offense necessitating the award of reparations to the claimant.

{¶ 13} In the case at bar, the Fund was entitled to reimbursement because the state proved both required elements. First, appellee submitted findings of fact and decisions reflecting the payments from the Fund to Ms. Dalton. Second, appellee submitted the indictments and the judgment entries related to appellant's crimes, showing that appellant was convicted of the crimes resulting in the injuries to Ms. Dalton and her children.

{¶ 14} Appellant's argument that Ms. Dalton was not damaged in the amount claimed does not create a material issue of fact as to either required element. Although appellant might have asserted his argument against Ms. Dalton if *she* had filed a claim for injuries, it cannot be asserted against the Fund. With the July 1, 2000 amendments to R.C. 2743.72, the Fund's right to reimbursement became an independent right to recover and is no longer derivative of the claimant's rights. *Montgomery v. Doe* (2000), 141 Ohio App.3d 242, 251, 750 N.E.2d 1149. Under R.C. 2743.72, once the Fund pays a claimant, it has a right to reimbursement from the offender, regardless of the possible questionability of the claimant's right to compensation from the Fund. If the Fund determines that the claimant was not eligible for the award or that the claimant received compensation from another source, the Fund, not the offender, is entitled to recover the award from the claimant. R.C. 2743.72(C) and (D).

{¶ 15} Accordingly, we overrule appellant's first assignment of error.

{¶ 16} By appellant's second assignment of error, he argues that the issuance of the "Clerk's Original Case Schedule" prevents the grant of summary judgment. We disagree.

{¶ 17} The "Clerk's Original Case Schedule" serves only to manage the sequence of events in litigation to ensure the timely disposition of all cases filed in the court of common pleas. See Case Flow Management Practice and Procedure, Statement of Purpose, of the Court of Common Pleas of Franklin County, General Division. The "Clerk's Original Case Schedule" does not prevent a determination on the merits prior to the scheduled trial date.

{¶ 18} Accordingly, we overrule appellant's second assignment of error.

{¶ 19} Finally, we note that appellant attempts to raise an argument that he was denied due process because appellee did not submit evidence showing that statutory procedures were followed in granting compensation to Ms. Dalton. Appellant's argument fails because appellee is not required to demonstrate in an action for reimbursement that it complied with statutory procedures for determining whether to grant compensation from the Fund to a claimant.

{¶ 20} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

PETREE, P.J., and BROWN, J., concur.