[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ralios v. Iannotta,* Slip Opinion No. 2016-Ohio-3309.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3309

THE STATE EX REL. RALIOS, APPELLANT, *v.* IANNOTTA, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ralios v. Iannotta,* Slip Opinion No. 2016-Ohio-3309.]

*Prohibition—Failure to attach proper statement setting forth balance of inmate account for preceding six months as required by R.C. 2969.25(C)—Failure to challenge magistrate's decision—Waiver of argument by failure to raise it below—Dismissal of complaint affirmed.*

(No. 2015-1177—Submitted March 8, 2016—Decided June 9, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-933.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, Mateo Ralios, is an inmate who filed a complaint for a writ prohibiting Lisa J. Iannotta, Chief of the Collections Enforcement Section of the Ohio Attorney General's Office, from enforcing a demand for Ralios to reimburse the state for money paid out by the Crime Victims Reparations Fund.

**{¶ 2}** The court of appeals dismissed Ralios's complaint because he failed to comply with the filing requirements in R.C. 2969.25(C). Ralios also failed to object to the magistrate's opinion below and asserts an argument here that he did not assert below and that also has no merit. For all these reasons, we affirm.

*Facts*

**{¶ 3}** According to the Medina County Clerk of Courts website, Ralios pleaded guilty to and was convicted of aggravated vehicular homicide, aggravated vehicular assault, and receiving stolen property. *State v. Ralios,* Medina C.P. No. 13CR0348 (Jan. 15, 2014). The Ohio Crime Victims Reparations Fund awarded $46,385.66 to the victim of Ralios's crimes. On October 20, 2014, Iannotta, in her official capacity with the Ohio Attorney General's Office, sent a letter to Ralios demanding reimbursement to the state of the funds awarded to Ralios's victim, "certified to the Ohio Attorney General's Office for collection." The letter informed Ralios that under R.C. 2743.72, the state is entitled to reimbursement of monies distributed by the Crime Victims Reparations Fund.

**{¶ 4}** Ralios filed a petition for a writ of prohibition against Iannotta in the Tenth District Court of Appeals. The magistrate recommended dismissing the writ on grounds that Ralios failed to comply with the mandatory filing requirements in R.C. 2969.25(C) for an inmate seeking a waiver of prepaying full filing fees. Ralios failed to file any objections to the magistrate's decision. The court of appeals adopted the magistrate's findings of fact and conclusions of law and dismissed Ralios's complaint. Ralios appealed.

*Analysis*

**{¶ 5}** We affirm for several reasons. First, Ralios failed to attach to his complaint a proper statement setting forth the balance of his inmate account for the preceding six months Such a statement is required by R.C. 2969.25(C)(1) if an inmate is moving to waive payment of filing fees. " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action

to dismissal.' " *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1. The court of appeals was therefore correct to dismiss on this basis.

{¶ 6} Second, Ralios neglected to object to the magistrate's decision on any ground. He has therefore waived all but plain error. "[A] party shall not assign as error on appeal the court's adoption of any finding of fact or legal conclusion [by a magistrate] * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv); Loc.R. 13(M)(1) of the Tenth District Court of Appeals ("[T]he proceedings and decision of the magistrate and objections thereto shall be governed by Civ.R. 53"); *see also State ex rel. Wilson v. Indus. Comm.*, 100 Ohio St.3d 23, 2003-Ohio-4832, 795 N.E.2d 662, ¶ 4. Ralios has therefore waived all but plain error, and he has specified nothing in this case that rises to the level of plain error.

{¶ 7} Third, Ralios failed to assert below the argument he makes here: that the court in his criminal case waived "all costs of prosecution, court appointed counsel costs, and any fees permitted pursuant to Revised Code section 2929.18(A)(4)." He is prohibited from raising it now. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 86.

{¶ 8} Fourth, even if he could raise it, his sole argument is without merit. Ralios claims that his sentencing judgment waives all costs and fees permitted under R.C. 2929.18(A)(4). He also argues that the sentencing judgment fails to order restitution. However, even assuming that these claims would entitle him to relief, Ralios has not included the trial court's sentencing entry in the record, so his claims cannot be verified. And in any case, as pointed out by Iannotta, a different statute, R.C. 2743.72(A), creates a right to reimbursement even without an order of restitution if "(1) the state establishes that it compensated a claimant with a payment

from the Fund and (2) the defendant was convicted of the offense necessitating the award of reparations to the claimant." *Ohio Crime Victims Reparations Fund v. Dalton*, 152 Ohio App.3d 618, 2003-Ohio-2313, 789 N.E.2d 688, ¶ 12. Other than his vague—and incorrect—assertion that Iannotta is "not authorized by law" to seek reimbursement, Ralios does not refute any of these points.

*Conclusion*

{¶ 9} The court of appeals was correct to dismiss Ralios's complaint for noncompliance with R.C. 2969.25(C)(1). Furthermore, Ralios has waived all but plain error and failed to preserve his sole argument, which is without merit in any case.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Mateo Ralios, pro se.

Michael DeWine, Attorney General, and Jordan S. Berman and Tiffany L Carwile, Assistant Attorneys General, for appellee.

_____