[Cite as *Marshall v. Marshall*, 2019-Ohio-684.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher L. Marshall, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-543 |
| v. | : | (C.P.C. No. 07DR-2236) |
| Stephanie N. Marshall, | : | (REGULAR CALENAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Stephanie N. Marshall*, pro se.  **Argued:**
*Stephanie N. Marshall.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, P.J.

{¶ 1} Defendant-appellant, Stephanie N. Marshall, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that modified the amount of her monthly child support obligation. For the following reasons, we affirm that judgment.

{¶ 2} Stephanie and plaintiff-appellee, Christopher L. Marshall, married on January 15, 2002, and they had one child during the marriage. On June 4, 2007, Christopher filed a complaint for divorce against Stephanie. Christopher obtained service of process on Stephanie by publication.

{¶ 3} Stephanie failed to appear at the final hearing. Christopher appeared and offered evidence. In a judgment entered October 11, 2007, the trial court granted the parties

a divorce. Relying on evidence offered by Christopher, the trial court designated Christopher the sole custodial parent of the parties' child and ordered Stephanie to pay $426.25 per month in child support, plus a two percent processing fee.

{¶ 4} In 2012, the Franklin County Child Support Enforcement Agency ("FCCSEA") conducted an administrative review of the 2007 child support order and determined that Stephanie should pay $373.27 per month in child support, plus a two percent processing fee. FCCSEA filed with the trial court an administrative adjustment recommendation that advised reducing Stephanie's child support obligation to the recalculated amount. When neither Stephanie nor Christopher objected to FCCSEA's recommendation, the trial court issued an entry dated April 5, 2012 that approved and adopted the recommendation.

{¶ 5} On April 17, 2018, Stephanie filed a motion she entitled "Motion to Hold a Full Review and All Laws Pertaining to This Case and to Amend Amount of Support Owed if Relevant." The magistrate interpreted Stephanie's motion as a motion to modify child support. Using the evidence Stephanie presented regarding her income, the magistrate recalculated the amount of child support due and set Stephanie's monthly obligation at $227.51, plus a processing fee, effective April 17, 2018. In a judgment dated June 25, 2018, the trial court approved and adopted the magistrate's decision.

{¶ 6} Stephanie now appeals the June 25, 2018 judgment, and she assigns the following error:

> The error occurred on 10/09/07, at a Domestic Court Call-Outstanding Motions by Case, in which motions from the Plaintiff's Attorney Thomas J Addesa were granted/denied.(Exhibit A) However, an order was never officially made from the Judge Dana Preisse, with a signature.

{¶ 7} Stephanie did not object to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [by a magistrate] * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, if a party does not file any objections to a magistrate's decision, the party has waived the right to appellate review of all but plain error. *State ex rel. Ralios v. Iannotta*, 150 Ohio St.3d 7, 2016-Ohio-3309, ¶ 6; *Ramsey v. Ramsey*, 10th Dist. No. 13AP-

840, 2014-Ohio-1921, ¶ 46.  Because Stephanie failed to object to the magistrate's decision, we limit our review to whether the error alleged rises to the level of plain error.

{¶ 8}  In civil cases, courts apply the doctrine of plain error "with the utmost caution."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).  Courts will find that plain error has occurred "only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  *Id.* at syllabus.

{¶ 9}  Here, Stephanie asserts that the trial court failed to sign orders that ruled on four motions that Christopher had filed prior to the entry of the divorce decree.  Stephanie claims that the lack of the judge's signature renders the court's rulings on those motions void.  Stephanie's allegation of error arises out of a misunderstanding of a document contained in the record entitled "Domestic Court Call – Outstanding Motions by Case," filed on October 15, 2007.  In this administrative form, the trial court informed the court clerk of the outcome of the four motions at issue.  The trial court actually resolved the motions in (1) an entry granting an ex parte temporary emergency custody order, filed June 4, 2007; (2) an order to seek employment, filed October 11, 2007; and (3) the judgment entry – decree of divorce, filed October 11, 2007.  The trial judge signed each of these judgments, so they do not suffer from the invalidity Stephanie alleges.  Therefore, no plain error occurred in this case.

{¶ 10}  For the foregoing reasons, we overrule Stephanie's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

———————