[Cite as *State ex rel. Figueroa v. Ohio Dept. of Commerce*, 2019-Ohio-5200.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. | : | |
| Gerardo Luis Figueroa, | | |
| | : | |
| Relator, | | |
| | : | No. 18AP-698 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Ohio Department of Commerce, | | |
| Division of Real Estate & | : | |
| Professional Licensing, | | |
| | : | |
| Respondent. | | |
| | : | |

D E C I S I O N

Rendered on December 17, 2019

**On brief:** *Madison & Rosan, LLP*, and *Walter J. McNamara, IV*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Lydia Arko Zigler*, for respondent.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} Relator, Gerardo Luis Figueroa, has filed this original action requesting this court issue a writ of mandamus ordering respondent Ohio Department of Commerce, Division of Real Estate & Professional Licensing ("division") to convene an informal mediation pursuant to R.C. 4735.051(B) in connection with a complaint against Figueroa filed with the division.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is

appended hereto.  The magistrate concluded Figueroa did not demonstrate that the division has a clear legal duty to provide an opportunity for informal mediation pursuant to R.C. 4735.051 in this case, and Figueroa has no clear legal right to such mediation. Accordingly, the magistrate recommended this court deny Figueroa's request for a writ of mandamus.

{¶ 3}    No objections have been filed to the magistrate's decision.

{¶ 4}    We have found no error in the magistrate's finding of fact or conclusions of law.  However, we modify the magistrate's decision in one respect.  In the magistrate's "Finding of Fact" No. 8, the magistrate misstates that "[p]ursuant to R.C. 4735.051(B), requests for informal mediation by both the complainant and licensee were due ten business days thereafter * * *."  The correct section of the statute to which the magistrate refers is R.C. 4735.051(A), and we therefore modify that portion of the sentence of paragraph 8 under "Finding of Fact" No. 8 to state "R.C. 4735.051(A)."

{¶ 5}    Therefore, we adopt the magistrate's decision as our own, including the findings of fact as modified herein and the conclusions of law therein, and conclude that Figueroa failed to demonstrate he had a clear legal right to an informal mediation pursuant to R.C. 4735.051.  In accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Writ of mandamus denied.*

BRUNNER and NELSON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Gerardo Luis Figueroa, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-698 |
| | : | |
| Ohio Department of Commerce, Division of Real Estate & Professional Licensing, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

MAGISTRATE'S DECISION

Rendered on September 5, 2019

---

*Madison & Rosan, LLP*, and *Walter J. McNamara, IV,* for relator.

*Dave Yost,* Attorney General, and *Lydia Arko Zigler,* for respondent.

---

IN MANDAMUS

{¶ 6} Relator, Gerardo Luis Figueroa, a real estate broker licensed to practice in the state of Ohio, seeks a writ of mandamus from this court ordering respondent, Ohio Department of Commerce, Division of Real Estate & Professional Licensing ("division"), to convene an informal mediation pursuant to R.C. 4735.051(B) in connection with a complaint against relator filed with the division.

Findings of Fact:

{¶ 7}    1. The division is an administrative agency vested with the authority to regulate the activity of licensed real estate brokers and conduct disciplinary investigations.  The division's powers are generally established and described in R.C. Chapter 4735.

{¶ 8}    2. The superintendent of the division has specific powers to investigate complaints against licensed Ohio real estate brokers pursuant to R.C. 4735.051.

{¶ 9}    3. The division is headquartered in Columbus, Franklin County, Ohio, and this court has original jurisdiction over the action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution.

{¶ 10}   4. Relator is a real estate broker licensed by the division to work as such in Ohio.

{¶ 11}   5. On September 29, 2017, the division received a complaint regarding relator's conduct during a real estate transaction.  The complaint is filed on a pre-drafted form furnished by the division.  The "Complaintant Information" [sic] rubric is entered as "Brian Mariner (on behalf of Polaris Home Funding Corp)."

{¶ 12}   6. The complaint contains various boxes to fill out a check regarding the substance of the complaint and procedural matters. Under "Nature of the Complaint," a box is checked titled "Changed a form or document without my permission."  Under the rubric "Are you interested in participating in a mediation meeting," the box is checked "no."  Polaris Home Funding Corporation is ("Polaris") role in the transaction is described as the underwriter for a loan application for a borrower represented by relator.

{¶ 13}   7. R.C. 4735.051 governs investigation of complaints by the division and informal mediation as a component thereof:

> (A) Within five business days after a person files a signed written complaint against a licensed real estate broker or licensed real estate salesperson with the division of real estate, the superintendent of real estate shall acknowledge receipt of the complaint and send a notice to the licensee describing the acts complained of. The acknowledgment to the complainant and the notice to the licensee shall state that an informal mediation meeting will be held with the

complainant, the licensee, and an investigator from the investigation and audit section of the division if the complainant and licensee both file a request for such a meeting within ten business days thereafter on a form provided by the superintendent.

(B) If the complainant and licensee both file with the division requests for an informal mediation meeting, the superintendent shall notify the complainant and licensee of the date of the meeting, which shall be within twenty business days thereafter, except that any party may request an extension of up to fifteen business days for good cause shown. If the complainant and licensee reach an accommodation at an informal mediation meeting, the investigator shall so report to the superintendent, the complainant, and licensee and the complaint file shall be closed.

{¶ 14} 8. The division issued its formal notice of a complaint pursuant to R.C. 4735.051 on October 31, 2017. Pursuant to R.C. 4735.051(B), requests for informal mediation by both the complainant and licensee were due ten business days thereafter or November 15, 2017, assuming that Friday, November 10, 2017, was observed as Veteran's Day holiday.

{¶ 15} 9. Relator made a request for informal mediation which was timely received by the division on November 14, 2017.

{¶ 16} 10. The division received a request for informal mediation, signed by "Brian Mariner, Polaris Home Funding Corp." on November 17, 2017.

{¶ 17} 11. When contacted by an investigator for the division, Polaris's agent, Mr. Mariner, indicated that he had no authority to bind Polaris with respect to mediation.

{¶ 18} 12. The division does not dispute that it has declined to issue a notice to the parties scheduling informal mediation.

{¶ 19} 13. Relator filed his complaint for a writ of mandamus from this court on September 14, 2018, seeking to compel the division to convene an informal mediation pursuant to R.C. 4735.051.

{¶ 20} 14. The division filed its answer on October 19, 2018.

Discussion and Conclusions of Law:

{¶ 21} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). The writ of mandamus will not lie to compel a public body or official to act in a certain way on a discretionary matter. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247 (1997).

{¶ 22} Respondent argues that a writ may not issue in this case for three reasons: first, the complainant's request for mediation was not timely received pursuant to R.C. 4735.051(B), and the division therefore is not obligated to schedule such mediation; second, relator has an adequate remedy at law through his response to the administrative process of R.C. 4735.051(D), without resort to mediation; and third, mediation would be a vain act because Mr. Mariner stated he has no authority to mediate on behalf of, and thereby bind, the complainant Polaris as a participant in mediation.

{¶ 23} The magistrate finds no merit in the latter two contentions. Mr. Mariner filed, specifically as the agent of and on behalf of Polaris, both the complaint itself and subsequent request for mediation. As such, Polaris, rather than Mr. Mariner, is the complainant. If Mr. Mariner is unable to meaningfully engage in mediation and bind his principal, it would be incumbent upon that principal, Polaris, to furnish a more suitable representative for mediation. Nor would subsequent appeals from resolution of the administrative process provide relator with a legal remedy, because the opportunity for mediation early in that process, having passed, could not be retrieved.

{¶ 24} The magistrate finds, however, that because the division did not receive timely requests for informal mediation from both parties, the division does not have a clear legal duty to set such a mediation session, and therefore a writ of mandamus will not issue to compel the division to do so.

{¶ 25} R.C. 4735.051(A), as set forth above, provides that informal mediation will be provided through the division, and include the complainant, the licensee, and an investigator from the division, "if the complainant and licensee both file a request for

such a meeting within ten business days" after the division has acknowledged receipt of the complaint, R.C. 4735.051(B) then provides that "if the complainant and licensee both file with the division requests for an informal mediation meeting, the superintendent *shall* notify the complainant and licensee of the date of the meeting." (Emphasis added.)

{¶ 26} Relator argues that, although Polaris submitted its request two days after the November 15, 2017 deadline, the statutory time provision is merely directory pursuant to *In re Davis,* 84 Ohio St.3d 520, 522 (1999). That case holds that when a statute contains the word "shall," the associated provision will generally be construed as mandatory. Relator asserts that R.C. 4735.051(A) employs the term "shall" in reference to the division's duty to convene mediation when requested, and the untimeliness of a request for mediation does not limit the division's mandatory duty to provide it. The magistrate concludes, to the contrary, that the ten-business-day time limit here is a clear limitation on the division's duty to provide informal mediation under the statute.

{¶ 27} When reviewing a complaint in mandamus, it is settled law that the legal duty a relator seeks to enforce must be created by the legislative branch of government, and courts may not create a legal duty enforceable in mandamus. *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 18. There is no mandatory duty for the division to hold an informal mediation meeting in the present case without timely receipt of requests from both the complainant and licensee. While it is true that this court has applied *Davis* to hold that the deadlines set forth in R.C. 4735.051(D), which sets the time frames for the division to complete its investigation and determine whether or not to issue charges against a licensee, are not binding, but merely directory. Those holdings are based upon a general rule of statutory interpretation that " 'a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.' " *Boggs v. Ohio Real Estate Comm.,* 186 Ohio App.3d 96, 2009-Ohio-6325, ¶ 24 (10th Dist.), quoting *Hardy v. Delaware Cty. Bd. of Revision,* 106 Ohio St.3d 359, 2005-Ohio-5319, ¶ 22. *See also Davis* at ¶ 24; *Wightman v. Ohio Real Estate Comm.,* 195 Ohio App.3d 561, 2011-Ohio-1816 (10th Dist.).

{¶ 28} In the present case, the ten-business-day limit for requests for mediation under R.C. 4735.051(A) does not provide a time for performance of an official duty, but rather reflects a time limitation upon parties in order to invoke a legal duty on the part of the division. The duty is conditioned by the clause, "if the [parties] both file" a timely request. The belated notice of request for mediation provided by Polaris in the present case failed to invoke the legal duty on the part of the division to provide such mediation, and relator has no legal right to such mediation.

{¶ 29} In accordance with the foregoing, it is the magistrate's decision that the division does not have a clear legal duty to provide an opportunity for informal mediation pursuant to R.C. 4735.051, relator has no clear legal right to such mediation, and a writ of mandamus shall not issue.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

1.    Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).