[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Figueroa v. Ohio Dept. of Commerce, Div. of Real Estate & Professional Licensing*, Slip Opinion No. 2020-Ohio-4275.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4275

THE STATE EX REL. FIGUEROA, APPELLANT, *v.* OHIO DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE & PROFESSIONAL LICENSING, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Figueroa v. Ohio Dept. of Commerce, Div. of Real Estate & Professional Licensing*, Slip Opinion No. 2020-Ohio-4275.]

*Mandamus—R.C. 4735.051—An informal mediation meeting on a complaint filed under R.C. 4735.051(B) is required only when complainant and licensee have each filed a timely mediation request under R.C. 4735.051(A)— Licensee lacks clear legal right to a meeting because complainant's request was untimely—Court of appeals' denial of writ affirmed.*

(No. 2020-0172—Submitted June 2, 2020—Decided September 3, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 18AP-698, 2019-Ohio-5200.

_____

**Per Curiam.**

{¶ 1} Appellant, Gerardo Luis Figueroa, is the subject of an administrative complaint pending before appellee, the Ohio Department of Commerce, Division of Real Estate and Professional Licensing. After the division refused to hold an informal mediation meeting on the complaint under R.C. 4735.051, Figueroa sought a writ of mandamus from the Tenth District Court of Appeals ordering the division to convene the meeting. The court of appeals denied the writ and Figueroa now appeals, arguing that the division wrongfully refused to hold the meeting. We affirm.

## FACTUAL BACKGROUND

{¶ 2} On September 29, 2017, Brian Mariner of Polaris Home Funding Corporation filed a complaint with the division against Figueroa, alleging that Figueroa had falsified information on a mortgage application. In a letter dated October 31, 2017, the division notified Figueroa that he was the subject of the complaint. The division sent Mariner a letter bearing the same date and acknowledging that it had received his complaint. In each letter, the division offered to mediate the dispute but cautioned that any request for mediation would have to be received "within ten days"; neither letter specified the date that the tenth day fell on. The division received Figueroa's mediation request on November 14, 2017, and Mariner's on November 17, 2017.

{¶ 3} After the division failed to schedule a mediation meeting, Figueroa filed a complaint in the court of appeals seeking a writ of mandamus to compel the division to schedule it. The court referred the matter to a magistrate, who recommended denying the writ. Relying on R.C. 4735.051(A), the magistrate reasoned that the division did not have a clear legal duty to mediate the dispute and that Figueroa had no clear legal right to a mediation, because Mariner's request for mediation was not filed with the division within ten business days of the division's October 31, 2017 letter. No party filed objections to the magistrate's decision, and

2

the court of appeals adopted the decision as its own after correcting a typographical error. Figueroa then filed this appeal.

## ANALYSIS

{¶ 4} A writ of mandamus will issue when a petitioner establishes a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 5} We note at the outset that although not urged by the division as an alternative ground for affirmance, Figueroa's failure to file objections to the magistrate's decision constitutes waiver of all but plain error on appeal. *See State ex rel. Ralios v. Iannotta*, 150 Ohio St.3d 7, 2016-Ohio-3309, 78 N.E.3d 814, ¶ 6 (construing Civ.R. 53(D)(3)(b)). Figueroa has not specified anything rising to the level of plain error here, but we will nevertheless explain why his argument on the merits fails.

{¶ 6} The dispute in this case centers on the mediation procedure of R.C. 4735.051. R.C. 4735.051(A) provides that "after a person files a signed written complaint against a licensed real estate broker," the division's superintendent must "acknowledge receipt of the complaint and send a notice to the licensee describing the acts complained of." The acknowledgment and notice must state that an "informal mediation meeting will be held * * * if the complainant and licensee both file a request for such a meeting within ten business days thereafter." *Id.* R.C. 4735.051(B) provides, "If the complainant and licensee both file with the division requests for an informal mediation meeting, the superintendent shall notify the complainant and licensee of the date of the meeting * * *."

{¶ 7} Figueroa stresses R.C. 4735.051(B)'s use of the word "shall," arguing that it imposes a mandatory duty on the superintendent to convene the meeting. In support, he cites *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.*, 99

Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 3, in which we construed the word "shall" as mandatory for the purpose of a civil-rights statute. The division counters that Figueroa's argument overlooks the language of R.C. 4735.051(A). In its view, the superintendent has no duty to convene a meeting unless the licensee and the complainant both file requests for mediation "within ten business days" of the mailing of the acknowledgment and the notice from the division that a complaint has been filed, *id.*[1]

{¶ 8} A court must presume a statute's effectiveness, meaning that "all words should have effect and no part should be disregarded." *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 19. Because "words in a statute do not exist in a vacuum," a court must look "beyond single phrases" and "consider, in proper context, all words used by the General Assembly in drafting [the relevant statute] with a view to its place in the overall statutory scheme." *Id.*

{¶ 9} Figueroa's reliance on R.C. 4735.051(B) to the exclusion of R.C. 4735.051(A) disregards these interpretive rules, for if the superintendent were required to hold an informal mediation meeting no matter when a complainant and a licensee filed their requests, then R.C. 4735.051(A)'s ten-business-day time limit would serve no purpose. Reading R.C. 4735.051(A) and (B) in context, it is plain that the superintendent acquires a duty to hold a meeting under R.C. 4735.051(B) only when the complainant and licensee both file their mediation requests within the timeframe established by R.C. 4735.051(A). It follows, then, that Figueroa has no clear legal right to a mediation meeting and the superintendent has no clear duty to hold one, because Mariner's letter was uncontestably tardy.

---

1. The division asserts that the due date for the parties' mediation requests was November 15, 2017, and that "the operative date [for marking time under R.C. 4735.051] is the date the requests for informal mediation are actually received by the Division, and not the date that they are signed by the parties or placed into the mail." Because Figueroa does not contest these assertions, we assume without deciding that the division is correct.

**CONCLUSION**

{¶ 10} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, and DONNELLY, JJ, concur.

STEWART, J., concurs in judgment only.

FRENCH, J., not participating.

_____

Madison & Rosan, L.L.P., and Walter J. McNamara IV, for appellant.

Dave Yost, Attorney General, and Lydia Arko Zigler, Assistant Attorney General, for appellee.

_____