[Cite as *Carter v. Ross*, 2021-Ohio-2506.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Carter, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-385 |
| v. | : | (C.P.C. No. 19JU-10866) |
| Christina Ross, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 22, 2021

**On brief:** *Michael Carter*, pro se. **Argued**: *Michael Carter*.

**On brief:** *Brian H. Henderson*, for appellee.[1]

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

MENTEL, J.

{¶ 1} Plaintiff-appellant, Michael Carter, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On September 18, 2019, appellant filed a complaint for allocation of parental rights. On November 8, 2019, defendant-appellee, Christina Ross, filed an answer and counterclaim seeking parental rights and responsibilities as sole residential and legal custodial parent, or alternatively, shared parenting. Appellee also requested an order for child support pursuant to the child support worksheet and income tax

---

[1] Counsel for appellee did not appear at oral argument.

dependency exemption for the minor children. The case was referred to a magistrate pursuant to Civ.R. 53 and Juv.R. 40(D).

{¶ 3} On June 19, 2020, the magistrate conducted a hearing on this matter. Appellee was represented by counsel and appellant proceeded pro se. The court heard testimony from appellant, appellee, Lee Anne Sunderman of the Columbus Northern International School, and a statement from the guardian ad litem Mark Murphy. On July 14, 2020, the trial court issued a judgment entry and the magistrate issued a decision in this case. The decision provided the following facts and conclusions.

{¶ 4} The parties had two children, Micah Carter (d.o.b. 06/17/2005) and Michael Carter II (d.o.b. 03/14/2007), during their relationship. In 2009, the parties separated but voluntarily participated in an informal shared parenting schedule of approximately equal time. Appellant was established as the father of minor children, Micah and Michael Carter, through the paternity registry as evidenced by Nos. 414702 and 515363, respectively. Previously, the parties agreed to enroll the children in Columbus Public Charter School. Appellant has since desired to move the children to another school district citing purported poor conditions in the system's school buildings. Recently, appellant has moved to the Dublin School District and sought to enroll the children in Dublin schools. According to the magistrate's decision, appellee believes the children are excelling in the Columbus Public School District pursuing extracurricular activities, performing well academically, and enjoying thriving social lives.

{¶ 5} The guardian ad litem indicated Micah desired to remain in the current school but indicated she would change schools if it ends the dispute between the parties. Michael expressed some interest in the Dublin School District but desired to stay at his current school. The parties agreed to a shared parenting plan but were not in agreement regarding which parent should be designated as the residential parent for school placement purposes.

{¶ 6} The magistrate concluded that for the best interest of the children, appellant's complaint for shared parenting be granted, in part, and appellee's counterclaim be granted, in part. Relevant to the instant appeal, the parties were granted shared parenting of the two minor children and both parents were designated as custodial and residential parents. Appellee was deemed the residential parent for school placement

purposes. While the magistrate noted that "it is honorable that Father wishes the best education for his children, as does the Mother," it was concerned that Micah noted that she would move if it would stop the parties from continuing the dispute. (Mag.'s Decision at 5-6.)

{¶ 7} The magistrate also ordered that appellant be deemed the obligor and appellee the obligee for child support purposes effective November 8, 2019. The magistrate determined the guideline amount of child support for appellant was $498.74 with $24.52 per month but concluded a downward "deviation of $100.00 is appropriate, for a monthly oblige of $398.74 for both children and $24.52 in cash medical." (Mag.'s Decision at 9.)

{¶ 8} In adopting the magistrate's decision the trial court wrote, "[s]hould a party file, timely objections to the Magistrate's decision, this order shall serve as an interim order, and shall not be subject to the automatic stay caused by the filing of said objections." (July 14, 2020 Jgmt. Entry at 1.) Neither party filed objections to the magistrate's decision. On August 13, 2020, appellant filed an appeal with this court.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

[1.] The trial court erred and abused its discretion in dismissing appellant's action.

[2.] The trial court erred and abused its discretion with the Child Support [sic] put in place for the appellant.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 10} In his first assignment of error, appellant argues the trial court erred and abused its discretion in dismissing his action under Civ.R. 41(B)(3).

{¶ 11} As set forth in Civ.R. 41(B)(1), a court, on its own initiative, may dismiss a complaint where a plaintiff fails to prosecute his or her case. Generally, when a matter is dismissed under Civ.R. 41(B), the case operates as an "adjudication on the merits, unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3).

{¶ 12} After careful review of the record, we find that the trial court did not dismiss appellant's action under Civ.R. 41(B)(3) as asserted in his first assignment of error.

Appellant filed his complaint on September 18, 2019. The case came before the court for a hearing on June 19, 2020. The magistrate's decision, which was adopted by the trial court, granted in part appellant's shared parenting plan. While appellant identifies the error as the trial court dismissing his action, the substance of appellant's allegations could be interpreted as claiming the trial court erred in its ruling regarding the shared parenting plan.

{¶ 13} As an initial matter, appellant failed to file objections to the magistrate's decision but instead filed a notice of appeal on August 13, 2020. Since appellant did not file objections regarding the magistrate's decision, the trial court's scope of review was limited to reviewing those decisions on their face for error of law or an obvious defect. Pursuant to Civ.R. 53(D)(3)(b) and Juv.R. 40(D)(3)(b), except for a claim of plain error, failure to file timely objections to the magistrate's decision within 14 days of its filing results in waiver. " 'Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision.' " *State ex rel. Alston v. Indus. Comm.*, 10th Dist. No. 00AP-1379, 2002-Ohio-4720, ¶ 4, quoting *Huffman v. Huffman*, 7th Dist. No. 98 CA 136, 2000 Ohio App. LEXIS 2790 (June 21, 2000). Accordingly, if a party fails to file objections to a magistrate's decision, the party has waived the right to appellate review of all but plain error. *Marshall v. Marshall*, 10th Dist. No. 18AP-543, 2019-Ohio-684, ¶ 7, citing *State ex rel. Ralios v. Iannotta*, 150 Ohio St.3d 7, 2016-Ohio-3309, ¶ 6; *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 46.

{¶ 14} Plain error is applied "with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). "[O]nly in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself" will courts apply the doctrine of plain error. *Id.* at syllabus. As such, we will review appellant's assignment of error under a plain error standard.

{¶ 15} Pursuant to App.R. 9(B)(3), it is the responsibility of appellant to order a transcript of the proceedings in the trial court for appellate review. *See also* App.R. 10(A) ("After filing the notice of appeal the appellant shall comply with the provisions of App.R. 9(B) and shall take any other action reasonably necessary to enable the clerk to assemble

and transmit the record."). When the appellate court is without any transcript of the proceedings it "cannot review any of appellant's assignments of error that rely upon factual issues in dispute, and we must presume regularity of the proceedings under such circumstances." *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5. Devoid of a transcript, this court is limited to the review of assignments of error that are based on questions of law. *Id.* When appellant fails to provide the transcript necessary for the resolution of the assignment of error from the record, the reviewing "court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 16} In the instant case, our ability to review whether the trial court erred in their determination of parental rights based on the hearing is hampered in several ways. First, as set forth previously, appellant failed to file a transcript of the June 19, 2020 hearing. As such, we must presume the regularity of the proceeding. *Gomez* at ¶ 5. Moreover, appellant has failed to cite where in the record the trial court erred. It is well-established law that " 'it is not the reviewing court's obligation to search the record for evidence to support an appellant's argument as to any alleged error.' " *Pond v. Pond*, 10th Dist. No. 20AP-262, 2021-Ohio-1708, ¶ 10, quoting *State v. Ozeta,* 4th Dist. No. 02CA746, 2004-Ohio-329, ¶ 18. Such an omission is sufficient to overrule appellant's assignment of error. A reviewing court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). Finally, appellant failed to file objections to the magistrate's decision but instead filed an appeal with this court.

{¶ 17} Taking all this into account, we must presume the regularity of the proceedings below concerning all evidentiary issues, and we find the trial court did not commit plain error regarding the determination of parental rights.

{¶ 18} Accordingly, we overrule appellant's first assignment of error.

**B. Appellant's Second Assignment of Error**

{¶ 19} In his second assignment of error, appellant argues the trial court erred and abused its discretion with the child support order. Again, we disagree.

{¶ 20} We will generally review child support matters under an abuse of discretion analysis. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion "connotes

more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court must presume the findings of the trial court are correct because the finder of fact is best positioned to observe the witnesses and to use those observations to weigh the credibility of the witnesses. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81 (1984).

{¶ 21} As set forth previously, appellant failed to file objections to the magistrate's decision with the trial court and instead filed a notice of appeal on August 13, 2020. Because appellant failed to object to the magistrate's decision, we will review his assignment of error under a plain error standard. The standard of review for plain error is set forth in the first assignment of error.

{¶ 22} R.C. 3119.022 provides the procedure for awarding and calculating child support. *Dodaro v. Dodaro*, 10th Dist. No. 18AP-714, 2019-Ohio-4864, ¶ 7. The purpose of Ohio's child support legislation is to meet the current needs of the minor children. *Habib v. Shikur*, 10th Dist. No. 17AP-735, 2018-Ohio-2955, ¶ 13, citing *Harbour v. Ridgeway*, 10th Dist. No. 04AP-350, 2005-Ohio-2643, ¶ 34. *See also Bates v. Bates*, 10th Dist. No. 04AP-137, 2005-Ohio-3374, ¶ 21. " 'The starting point for determining the proper amount of child support to be paid is parental income, defined as gross income for those employed to full capacity or gross income plus potential income for those not employed to full capacity.' " *Habib* at ¶ 13, quoting *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 12AP-1042, 2014-Ohio-1252, ¶ 7, citing *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, ¶ 11. If a trial court makes the proper calculations on the worksheet, the amount shown is rebuttably presumed to be the accurate amount of child support. *Dodaro*, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 110 (1993); R.C. 3119.03.

{¶ 23} Here, appellant is employed full-time with a yearly gross income of $40,000. Appellant does not provide private health insurance, and he has no childcare expenses for the children of this case. Appellant has an additional dependent who is six years old. The magistrate reviewed the income of the parties and concluded that the proper amount of child support based on the guideline figures was $498.74 with $24.52 in cash medical. The magistrate ordered a downward deviation of $100.00 was appropriate, for a monthly oblige of $398.74 for both children and $24.52 in cash

medical. The magistrate reasoned that "the worksheet amount is unjust, inappropriate, and not in the best interest of the children due to the nearly equal time schedule between the parties; sharing of extracurricular expenses equally, and alternating tax exemption years." (Mag.'s Decision at 8.)

{¶ 24} Appellant does not dispute the trial court's child support calculation but rather argues the ruling was "unjust" resulting in him "no longer able to financially provide for the many activities that we used to enjoy as a family." (Appellant's Brief at 7.) As we are limited to the information in the record, we can find no plain error with the trial court's determination of child support.

{¶ 25} Finally, appellee has made a request for attorney fees arguing that appellant's appeal was made in bad faith. We find appellee's demand is not well-taken and is, therefore, denied.

{¶ 26} Accordingly, appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 27} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____